**Fill in this information to identify your case:**

Debtor 1        Barbara Howard
_____
First Name            Middle Name            Last Name

Debtor 2        Click or tap here to enter text
(Spouse, if filing)
_____
First Name            Middle Name            Last Name

United States Bankruptcy Court for the:  EASTERN _____ District of _ KENTUCKY _____
(State)

Case number  (If known)      21-30076

☐ Check if this is an amended
plan, and list below the
sections of the plan that have
been changed.

8.1
_____

_____

Local Form 3015-1(a)

# Chapter 13 Plan

12/17

| **Part 1:** | **Notices** |
|---|---|

**To Debtors:**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district.  Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**  Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4** | ☐ Included | ☒ Not included |
| 1.3 | **Nonstandard provisions, set out in Part 8** | ☒ Included | ☐ Not included |

| **Part 8:** | **Nonstandard Plan Provisions** |
|---|---|

**8.1  Check "None" or List Nonstandard Plan Provisions**

☒  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Local Form 3015-1(a) or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

**AMENDMENT TO PLAN:**
**ADDITION OF NON-EXEMPT PROCEEDS FROM**
**ACTIONS FOR PERSONAL INJURY, BREACH OF CONTRACT, ETC.**

1) The Debtor(s) have or believe they might have certain Causes of Action such as lawsuits, rights to sue, right to settle without filing suit, right to participate in a class action, or other grounds to obtain or receive monies from another person or entity.  All Causes of Action have been listed on Schedule A/B of the Debtor(s)' bankruptcy petition.

2) Relevant information regarding each Cause of Action is as follows:

| Description of Each Cause of Action | Has counsel been retained? If so, include name, address, and phone number | Has a lawsuit been filed?  If so, include case number, jurisdiction, and party names |
|---|---|---|
| Fell off landing of stairs at Allstate Insurance Company, Frankfort KY. Incident happen June 2020. | Michael L. Hawkins<br><br>420 Ann Street<br><br>Frankfort, KY 40601 | No |
|  |  |  |

3) The Debtor(s) shall provide a copy of this Amendment to any attorney who represents them in a Cause of Action, whether retained presently or in the future.

4) Upon confirmation of the plan, the Debtor(s) are authorized to pursue the Causes of Action subject to the terms of this Amendment and other provisions of the confirmed plan.  Specifically:

   a) The Debtor(s) understand that all non-exempt proceeds from the Cause of Action must be paid to the Chapter 13 Trustee for distribution through the plan; and

   b) The Debtor(s) may not settle a Cause of Action unless and until an order approving the settlement is entered by the Bankruptcy Court; and

   c) The Debtor(s) may not spend any funds they receive from a Cause of Action (whether by settlement or judgment) unless and until the amount the Debtor(s) may claim as exempt has been determined under bankruptcy law, and the Debtor(s) have paid all required funds to the Trustee.

5) On or before May 1st of each calendar year while the Debtor(s) are in chapter 13, the Debtor(s) shall file a status report to provide to the Court and the Trustee relevant information regarding the status of the Cause of Action since plan confirmation, such as whether counsel has been retained; whether litigation has commenced; what is the status of pending litigation; whether the Debtor(s) have decided not to pursue the Cause of Action; whether a judgment was entered against the Debtor(s); or any other relevant information.

6) SETTLEMENT (non-class action):

   a) Prior to accepting any offer to settle a Cause of Action, the Debtor(s) shall file a motion to approve a compromise or settlement as provided by Rule 9019 of the Federal Rules of Bankruptcy Procedure, and shall give notice of the proposed settlement as required by Rule 2002(a)(3).

   b) The motion to approve a settlement shall provide the gross amount of the settlement, the amount (or terms) of payment to the attorney(s) representing the Debtor(s) in the Cause of Action, whether other costs or expenses must be paid, and the expected net amount payable to the Debtor(s) under applicable nonbankruptcy law.

7) JUDGMENT; CLASS ACTION SETTLEMENT:

a)  If the Debtor(s) obtains or becomes entitled to obtain a recovery because a judgment was entered in favor of the Debtor(s) or as a result of a settlement of a class action lawsuit of which the Debtor(s) are members of the class, Debtor(s) shall file a status report within 30 days of entry of the judgment or notice of the class action settlement.

b)  The status report should provide the expected net amount payable to the Debtor(s) and the anticipated date on which the Debtor(s) expect to receive the awarded funds.

8)  If an exemption in the Cause of Action was not claimed or was claimed in an unknown amount, the Debtor(s) shall file an amended Schedule C to assert their exemption(s) in a specified amount as soon as practicable after determining the amount of settlement or judgment.

9)  Debtor(s) shall pay non-exempt funds to the Trustee within seven (7) days after they receive any funds in excess of the amount of their exemption.

10) The Trustee shall disburse non-exempt proceeds as follows:

a)  First, to administrative claimants and costs whose efforts and actions resulted in the proceeds benefiting the bankruptcy estate, including but not limited to the Trustee's statutory percentage fee;

b)  Second, to creditors holding allowed claims entitled to priority under 11 U.S.C. § 507, pro rata pursuant to 11 U.S.C. § 1322(a)(2), but excluding compensation to counsel for the Debtor(s);

c)  Third, to creditors holding allowed general unsecured claims, pro-rata;

d)  Fourth, to counsel for the Debtor(s) for any fees due and payable pursuant to court order;

e)  Fifth, to creditors holding allowed secured claims being paid through the plan, pro-rata; and

f)  Sixth, after payment of all remaining claims, administrative costs and expenses of the estate, the balance shall be refunded to the Debtor(s).

11) **All non-exempt proceeds shall be paid to the Trustee in addition to other payments required under the plan and shall not alter or reduce those payments, nor shall the duration of the plan be shortened, except to the extent said proceeds result in payment in full of all allowed claims and administrative expenses.**

**Part 9:    Signature(s):**

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below.*

X /s/ Barbara A. Howard                          X /s/ D2 electronic or written signature.
Signature of Debtor 1                               Signature of Debtor 2

Executed on  April 26, 2021                      Executed on  Select or enter date.
             MM / DD / YYYY                                    MM / DD / YYYY

X /s  D. Casey Price

D. Casey Price
O'Bryan Law Offices
1717 Alliant Avenue                               Date  April 26, 2021
Louisville, KY 40299                                    MM / DD / YYYY

/s/ D. Casey Price

_____
Signature and Address of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form 3015-1(a), other than any nonstandard provisions included in Part 8.**